Eme, Appellant, *v.* Waldron.

Argued November 12, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Frank Carano,* for appellant.

*Ralph S. Croskey,* with him *Croskey & Edwards,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, January 11, 1954:

The plaintiff, Joseph D. Eme, Jr., was driving north on one-way northbound 20th Street in Philadelphia

at 8 a.m., of November 24, 1951. The defendant, Charles A. Waldron was driving south on that same street at the same time. Not being incorporeal, they could not drive through each other, and the inevitable collision resulted.

Admittedly travelling southwardly on a northbound street, the defendant could not and did not attempt to dodge the imputation of negligence inescapably arising from the position of the cars. He did, however, seek exoneration from liability for the plaintiff's injuries by asserting that the plaintiff himself was guilty of contributory negligence. In support of this charge the defendant explained that originally he had been moving northwardly on 20th Street when he realized that he had passed the point at which he intended to stop to enter a parking lot. He then proceeded to make a "U" turn in order to come back to the parking lot, and, after having reversed the direction of his car, he collided with the plaintiff's car. This maneuver was executed in broad daylight and in full view of the plaintiff who continued to move forward at his own peril, the defendant contended.

Since the law of contributory negligence in Pennsylvania does not acknowledge any extenuating circumstances, a negligent plaintiff cannot recover even though a neutral bystander might well conclude that as between the two contesting motorists the defendant's fault was the greater. The only question, therefore, in this case was whether the plaintiff was lacking in care under the circumstances, regardless of the obviously flagrant negligence of the defendant. The question was submitted to the jury and the jury found for the defendant.

There were only two witnesses: the plaintiff and the defendant, so that the issue became strictly one of credibility. The plaintiff maintained that the defend-

ant pulled out from behind a parked car and that he was only 12 feet away from the plaintiff's car when he started forward. The defendant testified that the plaintiff was 15 to 20 feet away when he saw the plaintiff and that the reversing of his position took "a few minutes", during which time the plaintiff could see what the defendant was doing. Further, that rain was falling at the time, that the plaintiff's automobile skidded into the defendant's automobile, and that the plaintiff admitted: "I couldn't stop." Following the accident, according to the defendant, the plaintiff repeated that he was sorry, that he tried to stop his car and skidded.

In seeking a new trial, plaintiff's counsel maintains that the Trial Judge committed basic errors in his charge in instructing on contributory negligence. We have read the charge with great care and find that it meets the rigorous requirements of clarity, impartiality and correct statement of the law involved. Addressing himself to the contributory negligence feature of the case, the Trial Judge said: "If you believe the collision happened in the manner in which the plaintiff testified, then you might well conclude the plaintiff had his car under control under the circumstances confronting him, and that he could not have anticipated the car of the defendant pulling out from behind this parked car in time to have avoided the collision, if it was only 12 feet from him at that point and if he had made proper observations prior to that time."

"The plaintiff, members of the jury, was not bound to anticipate that another driver will be negligent. Thus specifically as applied to this case, he was not bound to anticipate that the driver of a motor vehicle would decide to turn on 20th Street and proceed in the opposite direction and against traffic . . ."

"If the plaintiff was observant, was looking, was exercising the care of a reasonable man under the circumstances, had his car under the control which the circumstances required, and was unable to see the defendant reversing the movement of his car and proceeding in the opposite direction, then the plaintiff was not guilty of contributory negligence."

The Trial Judge emphasized further: ". . . the burden of proving contributory negligence of the plaintiff is upon the defendant. That is the burden of the defendant, and the defendant must prove that by the preponderance of the credible evidence in the case. That is, on this issue of contributory negligence, he must show by the greater weight of the evidence that the plaintiff was guilty of negligence which contributed to the accident. If he does not sustain that burden of proof, then your verdict must be for the plaintiff."

The defendant testified that just before the impact he tried to put his car in reverse so as to back away from the oncoming plaintiff's car. In his charge the Trial Judge said: "If the plaintiff was . . . unable to see the defendant reversing the movement of his car and proceeding in the opposite direction, then the plaintiff was not guilty of any contributory negligence. . . ."

From this, plaintiff's counsel argues that this statement led the jury to believe that the defendant had actually gotten his car into reverse whereas the defendant had testified that he had only attempted to put his car in reverse. This is straining at a gnat and swallowing a camel. It is obvious that the Trial Judge was here referring to the *entire operation* of the defendant in making the "U" turn which caused a reversal of direction from a northbound to a southbound movement. It was not a reference to the changing of gears.

We are satisfied from a reading of the record that the lower court did not abuse its discretion in refusing to grant a new trial. Nor is there any merit in the plaintiff's contention that he was entitled to judgment n.o.v.

Judgment affirmed.